## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN D. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 20-CV-00576-PRW |
| | ) | |
| ATAC SERVICES, LLC, and | ) | |
| SCIENCE APPLICATIONS | ) | |
| INTERNATIONAL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Defendants' "Motion to Dismiss and Brief in Support" (Dkt. 7) (the "Motion"). For the reasons set forth below, the Court **GRANTS** the Motion.

### *Background*

According to the Complaint (Dkt. 1), with one minor, non-dispositive addition from Defendants' Motion to Dismiss and Brief in Support (Dkt. 7) for the sake of contextual clarity, the facts are as follows. Plaintiff, John D. Adams, was employed by Defendants, ATAC Services, LLC, and Science Applications International Corporation.[1] Defendants are federal contractors[2] that, "among other things, provide[] law enforcement consulting services to the United States military and its allied forces."[3]

As part of the contractual arrangement between Defendants and the Government,

---

[1] Compl. (Dkt. 1) ¶ 9.

[2] *Id.* ¶ 7.

[3] Defs.' Mot. to Dismiss and Br. in Supp. (Dkt. 7) at 1.

the Government pays Defendants for the air travel costs of certain personnel.[4] Plaintiff alleges that Defendants routed these personnel through distant, military airports despite the availability of a closer, civilian airport, resulting in additional costs to the Government of approximately $500-$700 per person, per round-trip flight.[5]

On October 17, 2019, Plaintiff sent a report to his supervisor, David A. Smith, expressing concern about the practice.[6] A week later, Plaintiff received an email from Smith requesting that he join a conference call.[7] Plaintiff joined the conference call, which was attended by Smith and an employee from Defendants' Employee Relations department.[8] Smith informed Plaintiff that he was being laid off, but provided no explanation for the decision.[9] A formal, written "Notification of Layoff" soon followed.[10] In accordance with that "Notification of Layoff," Plaintiff's employment with Defendants ended on November 15, 2019.[11]

Plaintiff subsequently sued Defendants, asserting a claim under the False Claims Act for retaliation in violation of 31 U.S.C. § 3721. He alleges that "[t]he real reason for [his termination] was his report of potential fraud and/or systemic overcharging against the

---

[4] Compl. (Dkt. 1) ¶ 11.

[5] *Id.* ¶ 13.

[6] *Id.* ¶¶ 12–13.

[7] *Id.* ¶ 14.

[8] *Id.*

[9] *Id.* ¶ 15.

[10] *Id.* ¶ 17.

[11] *Id.*

United States Government, including violations that would give rise to a qui tam action under the False Claims Act. 31 U.S.C. § 3721, *et seq.*"[12]

Now, Defendants ask the Court to dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[13]

*Standard of Review*

Generally, a complaint will survive a Rule 12(b)(6) motion to dismiss if it "state[s] a claim to relief that is plausible on its face," meaning that it pleads sufficient facts to support a "reasonable inference that the defendant is liable for the misconduct alleged."[14] However, fraud-based claims, like those under the False Claims Act, must satisfy Rule 9(b)'s heightened pleading standard.[15] Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud . . . ."[16]

*Discussion*

"The False Claims Act covers all fraudulent attempts to cause the government to pay out sums of money."[17] It does so by permitting recovery of civil penalties and treble

---

[12] *Id.* ¶ 18.

[13] *See* Defs.' Mot. to Dismiss and Br. in Supp. (Dkt. 7).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[15] *Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 2004 n.6 (2016) (". . . False Claims Act plaintiffs must also plead their claims with plausibility and particularity under Federal Rules of Civil Procedure 8 and 9(b) . . . .").

[16] Fed. R. Civ. P. 9(b).

[17] *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 755 (10th Cir. 2019) (cleaned up).

damages from, among others,[18] anyone who "knowingly presents . . . a false or fraudulent claim for payment or approval" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim."[19]

The Act has two enforcement mechanisms, one public and one private. "'First, the Government itself may' sue 'the alleged false claimant' to remedy the fraud."[20] "Second, 'a private person (the relator) may bring a qui tam' suit on behalf of the government and also for herself alleging that a third party made fraudulent claims for payment to the government."[21] "'As a bounty for identifying and prosecuting fraud,' relators get to keep a portion 'of any recovery they obtain.'"[22]

Congress recognized that employees might be reluctant to use this qui tam provision or otherwise attempt to curtail or prevent the submission of false claims by their employer for fear of adverse employment consequences. So, to alleviate that concern, the False Claims Act includes a prohibition on retaliation by employers against certain employees and provides a cause of action for violations of that prohibition.[23, 24] To state a claim under

---

[18] 31 U.S.C. § 3729(a)(1)(C)–(G).

[19] *See id.* § 3729(a)(1)(A) & (B).

[20] *KeyPoint*, 923 F.3d at 736 (quoting *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 769 (2000)).

[21] *Id.* (quoting *Vt. Agency of Nat. Res.*, 529 U.S. at 769).

[22] *Id.* (quoting *United States ex rel. Boothe v. Sun Healthcare Grp., Inc.*, 496 F.3d 1169, 1172 (10th Cir. 2007) (citing 31 U.S.C. § 3730(d))).

[23] *Id.* at 738 (citing *Potts v. Ctr. for Excellence in Higher Educ., Inc.*, 908 F.3d 610, 613–14 (10th Cir. 2018) (discussing 31 U.S.C. § 3730(h))).

[24] While the Court speaks in terms of "employers" and "employees" in address to the particular facts of this case, the cause of action is not limited to employees suing employers:

that cause of action, a plaintiff must meet their "burden of pleading facts" that prove (1) he engaged in protected activity, (2) the defendant "had been put on notice" of that protected activity, and (3) the defendant retaliated against the plaintiff "because of" that activity.[25]

The present dispute turns on the first of these elements—that the employee engaged in a "protected activity." Defendants argue that the claim must be dismissed because Plaintiff fails to allege that he engaged in "protected activity." As they tell it, "Plaintiff has not alleged that [they] engaged in any violations of the False Claims Act or that he reported any violations of the False Claims Act to [them]."[26] Rather, "Plaintiff merely alleges that [they] required . . . personnel to fly out of military bases . . . and that this practice was more expensive than flying out of a civilian airport."[27] But merely "[i]dentifying cheaper flight options," they argue, "does not amount to reporting a false claim," which is necessary to adequately allege "protected activity."[28]

A covered person engages in "protected activity" in two situations: (1) when they engage in "lawful acts . . . in furtherance of an action under [the False Claims Act]" or (2) when they engage in lawful acts in furtherance of "other efforts to stop 1 or more violations of" the False Claims Act.[29]

---

"Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole . . . ." 31 U.S.C. § 3730(h)(1).

[25] *Keypoint*, 923 F.3d at 764 (citations omitted).

[26] Defs.' Mot. to Dismiss and Br. in Supp. (Dkt. 7) at 1.

[27] *Id.* at 5.

[28] *Id.* at 5–6.

[29] 31 U.S.C. § 3730(h)(1).

As to the former, a covered person engages in "lawful acts . . . in furtherance of an action under [the False Claims Act]" when that person "prepar[es] for 'a private qui tam action or assist[s] in an . . . action brought by the government.'"[30] "[A]n employee who, for example, report[s] a False Claims Act violation to her supervisor but d[oes] not pursue a qui tam action [does] not engage[] in protected activity" under this standard.[31]

In this case, the Complaint contains no facts indicating that Plaintiff was preparing to bring a qui tam action or to assist the Government in bringing an action under the False Claims Act.

As to the latter, the Tenth Circuit "has yet to begin the work of defining the boundaries of what constitutes protected efforts to stop a violation of the False Claims Act,"[32] so the Court looks to other circuits for guidance on the subject. The Fourth and Sixth Circuits have adopted what one lower court described as "an objectively-reasonable-belief standard."[33] Under this standard, courts ask whether the claimant alleges facts "sufficient to show that [the claimant] believed [the employer] was violating the FCA, that [t]his belief was reasonable, that [the claimant] took action based on that belief, and that

---

[30] *Keypoint*, 923 F.3d at 765 (quoting *United States ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1522 (10th Cir. 1996)).

[31] *Id.* (citing *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 914 (4th Cir. 1997)).

[32] *See id.* at 766–67 ("Our circuit has yet to begin the work of defining the boundaries of what constitutes protected efforts to stop a violation of the False Claims Act. Naturally, we cannot narrow our consideration to our pre-2009 view that an employee must prove in every instance that the employer knew that she was acting 'in furtherance of' a qui tam action." (citation omitted)).

[33] *See Armstrong v. Arcanum Grp. Inc.*, 2017 U.S. Dist. LEXIS 156346, at *12 (D. Colo. Sept. 25, 2017).

his actions were designed to 'stop 1 or more violations of' the FCA."[34] Similarly, the D.C. Circuit has held that a claimant can establish that she engaged in "protected activity" under the relevant portion of Section 3730(h) by "plausibly alleg[ing] facts showing that she took lawful measures to stop or avert what she reasonably believed would be a violation of the False Claims Act."[35]

The Court adopts this "objectively-reasonable-belief" standard and finds that the mere fact that a contractor is billing the Government for a more expensive service when a cheaper but qualitatively distinct alternative exists does not suffice to establish an objectively reasonable belief that the contractor was violating the False Claims Act.[36] The False Claims Act prohibits, in relevant part, the knowing presentment of a false claim for payment or approval.[37] "A claim is false for purposes of the FCA if it's either factually or legally false."[38] "A payee makes a factually false claim by either (1) submitting an incorrect description of the goods or services provided; or (2) requesting reimbursement for goods or services never provided."[39] A payee makes a legally false claim "by certifying compliance with a statute or regulation as a condition to government payment but

---

[34] *Carlson v. DynCorp Int'l LLC*, 657 F. App'x 168, 173 (4th Cir. 2016); *see Jones-McNamara v. Holzer Health Sys.*, 630 F'Appx 394, 399–400 (6th Cir. 2015) (holding that the False Claims Act covers internal reports of fraud where the plaintiff's "allegations of fraud grew out of a reasonable belief in such fraud").

[35] *Singletary v. Howard Univ.*, 939 F.3d 287, 297 (D.C. Cir. 2019).

[36] However, if the options are alleged to be equal in all material respects but price, then favorable inference may dictate the opposite conclusion.

[37] *See* 31 U.S.C. § 3729(a)(1)(A).

[38] *United States v. Boeing Co.*, 825 F.3d 1138, 1148 (10th Cir. 2016) (citation omitted).

[39] *Id.* (citation omitted).

knowingly failing to comply with that statute or regulation." Under these facts, there is no suggestion of a false claim under either definition. The Complaint does not, either directly or through permissible inference, raise the prospect that the claims for airfare were incorrect in description or for flights never provided, nor is there mention of any sort of certification.

In sum, Plaintiff has failed to shoulder his burden of alleging sufficient facts showing that he engaged in "lawful acts . . . in furtherance of an action under [the False Claims Act]" or in lawful acts in furtherance of "other efforts to stop 1 or more violations of" the False Claims Act.[40]

## Conclusion

Because Plaintiff has failed to meet his burden of pleading sufficient facts showing that he engaged in "protected activity," the Court **GRANTS** Defendants' "Motion to Dismiss and Brief in Support" (Dkt. 7) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (Dkt. 1).

**IT IS SO ORDERED** this 27th day of April 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[40] 31 U.S.C. § 3730(h)(1).